IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CIVIL DIVISION**

| | |
|---|---|
| **LEIF HENRY,** : | |
| : | No. |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **CITY OF ALLENTOWN** and : | |
| **CHIEF ROGER MACLEAN,** : | |
| : | **JURY TRIAL DEMANDED** |
| **Defendants** : | |

**COMPLAINT**

AND NOW, comes Plaintiff, Leif Henry, by and through his undersigned counsel, and hereby avers as follows:

1. Plaintiff is Leif Henry, an adult individual who currently resides at 514 Penn Street, North Catasauqua, Lehigh County, Pennsylvania, 18032.

2. Defendant is City of Allentown, with offices located at 435 Hamilton Street, Allentown, Lehigh County, Pennsylvania, 18101. Individual Defendant Roger MacLean is the Chief of Police for the Defendant.

3. The Plaintiff was an employee of the Defendant beginning on September 28, 1998.

4. The Plaintiff had worked on the K-9 Unit of the Police Department and was reassigned to a lesser position after the death of his dog. Defendant provided the Plaintiff with a spurious reason for the said reassignment, involving an allegation that a replacement animal had been donated to the City by a local businessman, and that this donation was not handled properly by the Plaintiff. To date, this alleged impropriety remains under investigation by the Internal Affairs office of the Police Department.

5. The Plaintiff suffers from severe migraine headaches and his physician wrote a letter on his behalf to the City asking that the Plaintiff not be required to work night shift because it aggravates his migraines.

6. The Plaintiff believes, and therefore avers, that the Defendant is retaliating against him due to his medical condition. The Defendant refused to accommodate his requests.

7. The Plaintiff is of Hispanic origin, and he believes and therefore avers, that white officers are being treated preferentially.

8. The Plaintiff believes, and therefore avers, that due to his Hispanic origin, he was made to do menial and demeaning tasks. For example, Plaintiff was asked to search and recover a supervisor's lost Cross pen. When Plaintiff inquired into why he had to do this, the response he received was, "you ***do*** know what a Cross pen is, don't you?"

9. The Plaintiff believes, and therefore avers, that Cori Doughty, a mutual friend of his as well as Chief Roger MacLean's, received a series of text messages from Chief Roger MacLean in which MacLean ridiculed the Plaintiff's accommodation requests and indicated that he harbored an animus against ADA qualifying officers.

10. The Plaintiff also believes, and therefore avers, that he was also belittled and disdained, not only because of his health problem, but also due to his racial background.

## COUNT I
## LEIF HENRY V. CITY OF ALLENTOWN AND CHIEF ROGER MACLEAN

### UNLAWFUL DISCRIMINATION BY EMPLOYER IN MAKING AND ENFORCEMENT OF CONTRACTS UNDER 42 U.S.C.§ 1981

11. The allegations set forth in paragraphs 1 through 10 hereinabove are incorporated herein as if set forth at length.

12. The Plaintiff is a Hispanic employee in his department, where the overwhelming majority of other employees are Caucasian. On many occasions, the Plaintiff has been called upon to "translate" for the Department, in its dealings with Hispanic members of the community.

13. Although the Plaintiff had a spotless and excellent work record, he was reassigned from his position in the K-9 unit and was replaced by an officer who did not have the same credentials as the Plaintiff possessed. Thereafter the Defendant retroactively changed its own internal policy in order to accommodate the Plaintiff's replacement.

14. Other Caucasian employees with similar work records were not subjected to reassignment under similar circumstances.

15. The Plaintiff's reassignment was motivated by his ethnicity.

16. In reassigning the Plaintiff based on his Hispanic ethnicity, the Defendant employer violated 42 U.S.C. § 1981.

    WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter a judgment for the Plaintiff, against the Defendant, including the following demand for relief:

    (a) That the Court, after trial by jury, award the Plaintiff damages for all injuries incurred by reason of the Defendant's wrongful actions, including damages for emotional distress and for the Plaintiff's pain and suffering;

    (b) That the Court award the Plaintiff exemplary damages;

    (c) That the Court award the Plaintiff his attorney's fees and costs; and

    (d) That the Court award any other appropriate relief.

<u>**COUNT II**</u>
<u>**LEIF HENRY V. CITY OF ALLENTOWN AND CHIEF ROGER MACLEAN**</u>

**VIOLATION OF 42 U.S.C. SECTION 1983**
**PROCEDURAL DUE PROCESS VIOLATIONS**

17. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 16 as if the same were more fully set forth at length herein.

18. Plaintiff believes, and therefore avers, that he was unlawfully reassigned by the Defendants.

19. Pursuant to Pennsylvania law, namely, 53 P.S. ¶ 39408 all employees subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employees.

20. Plaintiff believes, and therefore avers, that he had acquired a property interest in his job, having worked as a City employee for years prior to his reassignment in a position protected pursuant to a collective bargaining agreement.

21. Plaintiff believes, and therefore avers, that as a result of the Defendants' actions in the case at bar that he has been deprived of his property interest in his employment without due process of law.

22. At the time of the adverse employment actions taken against him, Plaintiff was not given any type of due process of Defendants.

23. Plaintiff was subject to a collective bargaining agreement which precludes adverse actions against an employee without just cause. Unfortunately, the Plaintiff's union took no realistic steps to assist him when he was reassigned.

24. Plaintiff was not given any opportunity to appeal the adverse job actions taken against him prior to having his career impaired by the Defendants.

25. Plaintiff believes, and therefore avers, that at the time he was reassigned, the Defendants deprived him of his constitutionally protected right to a hearing and clearly understood that they were violating Plaintiff's legally established rights.

26. Plaintiff believes, and therefore avers, that Defendants denied him his property rights without due process of law in violation of the Fourteenth Amendment of the United States Commission by reassigning him in his employment, and by failing to give him a hearing or allow him to prosecute his grievance as required by the collective bargaining agreement.

27. At all times, Defendants acted under the color of state law.

28. By reason of his reassignment and the failure to be afforded due process, Plaintiff lost wages and other compensation and has suffered embarrassment, humiliation, mental anguish and loss of self-esteem.

29. Plaintiff has been deprived of an opportunity to obtain all of the career benefits available to him as a police officer pursuant to the Police and Firemen Collective

Bargaining (Act 111), 43 Pa.C.S. ¶ 217.1, the applicable collective bargaining agreement and City of Allentown Pension Ordinances.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter a judgment against the Defendants, jointly and severally, including the following demand for relief:

(a)   That the Court, after trial by jury, award the Plaintiff damages for all injuries incurred by reason of the Defendant's wrongful actions, including damages for emotional distress and for pain and suffering;

(a)   That the Court award the Plaintiff his attorney's fees and costs; and

(b)   That the Court award any other appropriate relief.

(c)   That the Court award punitive damages against Defendant Roger MacLean.

### COUNT III
### LEIF HENRY V. CITY OF ALLENTOWN AND CHIEF ROGER MACLEAN

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT,
29 U.S.C. ¶ 794**

30.   The Plaintiff incorporates herein by reference thereto paragraphs 1 through 29 as if the same were more fully set forth at length herein.

31.   Given the underlying circumstances that led to his reassignment as aforesaid, the Plaintiff should have been granted some level of leniency or a milder form of progressive discipline would have been an appropriate accommodation under the circumstances.

32. The plaintiff believes, and therefore avers, that the Defendant was aware of his serious health condition, and, that healthier police officers have been treated more leniently for more severe offenses.

33. The Plaintiff believes, and therefore avers, that his medical conditions were "disabilities" within the meaning set forth in the Americans With Disabilities Act, 42 U.S.C. Section 12101, et seq., and 29 C.F.R. Section 1360.2(f) and (g) and the Rehabilitation Act.

34. The Plaintiff believes, and therefore avers, that he could perform the essential functions of his job with the Defendant, as defined by 29 C.F.R. Section 1630.2(n), with a reasonable accommodation.

35. The Plaintiff believes, and therefore avers, that he suffered from a medical condition that substantially limited one or more of his major life activities. Plaintiff has a record of such impairment, and the Defendant regarded the Plaintiff as having such an impairment.

36. The Plaintiff believes, and therefore avers, that the Defendant did not grant him an accommodation for the health impairment he was dealing with at the time of his unlawful reassignment.

37. The Plaintiff believes, and therefore avers, that the reasonable accommodation of more lenient discipline and reasonable shift changes that he would have expected

from the Defendant would not have constituted any significant hardship to the Defendant.

38. The Plaintiff believes, and therefore avers, that the Defendant has discriminated against him because of his disability, as set forth hereinabove.

39. The Plaintiff believes, and therefore avers, that the Defendant regarded him as being disabled.

40. As a result of the Defendant's illegal conduct, the Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's conduct.

41. By reasons of the malicious want and will conduct of the Defendant, the Plaintiff demands punitive damages.

WHEREFORE, the Plaintiff respectfully invokes the remedial powers of this Court as provided in the Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C. ¶ 794 and prays for the following:

(a) The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by Section 504 of the Rehabilitation Act of 1973;

(b) The Defendant be ordered to hire the Plaintiff into the position, or to a position substantially similar to the one the Plaintiff held at the time of his reassignment, with full salary, seniority, benefits, and bonuses, running from that date;

(c) The Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits the Plaintiff would have received had it not been for the Defendant's illegal actions including, but not limited to: pay, benefits, training, promotions, seniority, stock options, and bonuses. The Plaintiff should be afforded said benefits illegally withheld from the date of the Plaintiff's reassignment until the date the Plaintiff is tendered substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(d) Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of Defendant's unlawful conduct;

(e) Punitive damages calculated to be sufficient to deter such misconduct in the future;

(f) An award of interest on the above amounts of unpaid wages illegally denied;

(g) The cost of this action and a reasonable attorney's fee paid to the Plaintiff;

(h) Any other relief, equitable or legal, appropriate an power to remedy the illegal treatment of the Plaintiff by the Defendant; and,

(i) The Plaintiff demands a jury trial.

## COUNT IV
## LEIF HENRY V. CITY OF ALLENTOWN AND CHIEF ROGER MACLEAN

### ADA RETALIATION

42. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 41 as if the same were more fully set forth at length herein.

43. The Plaintiff was retaliated against because he sought accommodations under the Americans with Disabilities Act.

44. The text messages of Roger MacLean are evidence of a retaliatory animus on the part of Defendant MacLean.

45. The Defendants', as part of their desire to retaliate against the Plaintiff, have created a hostile working environment for the Plaintiff.

46. As a result of the Defendants' retaliatory animus, the Plaintiff has been subject to disparate treatment.

47. The Plaintiff believes, and therefore avers, that the Defendant has retaliated against him because it regarded the Plaintiff as having a disability, as set forth hereinabove.

48. The Plaintiff believes, and therefore avers, that the Defendant regarded him as being disabled and retaliated against him because he attempted to find a shift change that would accommodate his health problem.

49. The Defendant unlawfully made the Plaintiff's health records available for others to see, in violation of federal law.

50. As a result of the Defendant's illegal conduct, the Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's conduct.

51. By reasons of the malicious want and will conduct of the Defendant, the Plaintiff demands punitive damages.

WHEREFORE, the Plaintiff respectfully invokes the remedial powers of this Court as provided in Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C. ¶ 794 and prays for the following:

(a) The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by Section 504 of the Rehabilitation Act of 1973;

(b) The Defendant be ordered to hire the Plaintiff into the position, or to a position substantially similar to the one the Plaintiff held at the time of his reassignment, with full salary, seniority, benefits, and bonuses, running from that date;

(c) The Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits the Plaintiff would have received had it not been for the Defendant's illegal actions including, but not limited to: pay, benefits, training, promotions, seniority, stock options, and bonuses. The Plaintiff should be afforded said benefits illegally withheld from the date of the Plaintiff's reassignment until the date the Plaintiff is tendered substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(d) Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of Defendant's unlawful conduct;

(e) Punitive damages calculated to be sufficient to deter such misconduct in the future;

(f) An award of interest on the above amounts of unpaid wages illegally denied;

(g) The cost of this action and a reasonable attorney's fee paid to the Plaintiff;

(h) Any other relief, equitable or legal, appropriate and power to remedy the illegal treatment of the Plaintiff by the Defendant; and,

(i) The Plaintiff demands a jury trial.

Respectfully submitted,

_____s/ Donald P. Russo_____
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
Law Offices of Donald P. Russo
35 E. Elizabeth Avenue, Suite 42
Bethlehem, Pa. 18018
(610) 954-8093
Attorney I.D. No. 25873

**VERIFICATION**

I, Leif Henry, being duly sworn according to law, depose and say that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authority.

Date: _____     _____
                                            LEIF HENRY